May it please the court, my name is Stephanie Bond. I represent the appellant, Mr. Johnson, in his pending appeal. I would hope, intend, to reserve five minutes for rebuttal if possible. Mr. Johnson made an affirmative request, an unambiguous affirmative request, to have an attorney present when his devices were searched. These devices were 59 devices that contained his entire life. He testified at the evidentiary hearing that his Quicken workbook program was on it that contained 25 years of his finances. He testified that there were over 80,000 photographs on his devices. He was a photographer by trade. That is how he made his living, was by selling and producing the photographs that were on those devices. He also, almost kind of more importantly, had security cameras throughout his house. Those security cameras were backed up, the footage, on those devices of everything happening in his house. Not just when the agents were searching his house, although those were definitely on there too, but previous and everything else that had happened on the footage cameras in his house. The government decided not to honor that request. What would that request have entailed? I can understand, we know about lineups, lawyers there to observe what happens. Here we've got forensic analysis of a computer that apparently runs quietly for weeks, or in this case it will end up being months. Do you propose to have an attorney sit there staring at the computer during that time? Yes, if that's what he asked for. We're not in the business of saying whatever the defendant wants, defendant gets. Why is that something that's productive and an essential stage that it makes it important for the court to make sure that that request is granted? I haven't figured that out yet. I would submit that there are two specific reasons. First of all, we know that the Due Process Clause of the Fifth Amendment discusses evidence that can be used in a criminal prosecution. We know that that was what was happening in this case. You don't watch blood tests being conducted. That evidence gets used in prosecutions all the time, but you don't have somebody hanging around the lab all the time watching what happens with the blood tests. Well, Judge, and I think there's a difference between whether a person makes an affirmative request for an attorney versus whether the law just presumes that an attorney can be present. We have certain circumstances where that's the case, where attorneys get to be present if a person affirmatively requests that. He affirmatively requests that. I don't think that's the general rule. We don't automatically give defendant whatever he wants. You have to tell us why it is that it's a critical step in the process, why it's useful to the system to have a lawyer sitting there while this forensic analysis is being run on these machines that occasionally may blink a light, but you don't really see a whole lot happening. Well, Judge, I guess I would disagree in the sense that, you know, I haven't personally been at one of these types of things. I don't know how this happens. I think there's a lot of people that don't know how it happens because it's a very critical step. You've got to tell us more than the defendant would like it to happen. Well, you've got to explain to us why it's a critical step. And to tell me that you don't know isn't a very satisfying answer. Well, Judge, I'm just saying I personally don't know. Now, in Mr. Johnson's view, obviously, he had his life on these computers. There was a lot of personal information. He didn't ask to get a copy back, so I'm not sure that's all that important. But that doesn't matter because that doesn't tell us why it is a critical step in the prosecution. The fact that he has all sorts of other stuff there doesn't negate the fact that he had stuff that resulted in not just a prosecution but his conviction. What was it that an attorney would have contributed to his defense during that forensic analysis? I'm still waiting for an answer to that question. Well, obviously, an attorney can make sure, first of all, that they're abiding by the parameters of the search warrant and that they're not looking at things that they're not allowed to look at. Now we've got the things have been seized. And so I don't understand the warrant thereafter limiting the examination or that affecting the prosecution. This sounds like a generic complaint about invasion of privacy. That's a different issue. What is it that affects the prosecution? Well, Judge, it is, honestly, it is an invasion of privacy. And that's exactly why a warrant was necessary to seize the devices. And you've challenged questions, but I'm not sure there's really much of a challenge as to whether there was probable cause for the warrant. So once the warrant has been executed and the devices seized and taken for examination, what is it the lawyer is supposed to do sitting there during that examination that makes that a critical stage to the prosecution? Well, obviously, making sure that they're not putting evidence on the devices, that they're not taking evidence or looking at evidence that they're not supposed to be looking at. How might a lawyer even be competent to do that? Doesn't this lead us to an easy next step that you're going to have to have your own forensic expert seated there? And this is going to be conducted like a deposition now, in which we're going to put objections on the record to every move that either a police officer or a forensic investigator is going to make? Well, Judge, I think that is the key argument. Maybe an attorney would say, we need an expert to do this. Personally, that's what I would do. But that expert is going to be testifying at the trial in this case. That expert will know what happened. That expert will know what the government did and didn't see, what the government did and didn't do. Those are all things that happen behind closed doors that we can only assume did or did not happen. With an expert sitting there knowing exactly what it is that the government is doing, that obviously helps in the testimony. I feel like you've gifted ground on us, Counsel, because now I'm a little confused. When you started, you talked about the 59 devices, and you mentioned the Quicken book, so that would have all of his financial information, the 80,000 photos, that apparently is unrelated to his charges. At least that was the inference I took, because he was a photographer. What is it that you want the lawyer or your lawyer plus your own forensic investigator to do to prevent them from looking at the Quicken books, to prevent them from examining the 80,000 photos that are on this device? That is part of it. Obviously, to make sure that they do everything that they are allowed to legally and not anything that they are not allowed to do under the search warrant. Counsel, have you struck out an entirely new frontier here, or is there some basis in other cases that would support this? Judge, I think this is a new frontier. I was unable to find... I appreciate that, because it feels like a bold new frontier. Yes. There are cases, obviously, that discuss the importance of having an attorney for purposes of due process before a criminal case is actually a part of that. The Supreme Court has decided that. In United States v. White, they discussed that. This court has also decided that there are times that a person gets an attorney under the due process clause in a civil deportation proceeding, materials regarding subpoenas, things that are critical stages of a case before the case is actually brought to the court. Why wouldn't it... Suppose you take it out of the digital context and you have a traditional warrant to search a house for drugs, right? Maybe there are drugs in the house. There are lots of non-drug things in the house in which the owner of the house is going to have an expectation of privacy. Do you think that... Assuming, I guess, for this hypothetical to work, the defendant somehow or the homeowner somehow has to become aware that the warrant is going to be executed, but if he somehow does and asks to have a lawyer there, do you think there's a right to have a lawyer following the police around and asking, you know, why are you opening that drawer? Absolutely, Your Honor. I think that... And that is exactly what I was going to discuss, is the fact that, you know, this isn't anything different. But there's... I mean, that... I guess then the follow-up question is, that is a scenario that has existed or could have existed for, you know, 200 years. Right. Is there... You don't have lawyers following around and say, don't open that drawer. Is there any case that has ever recognized such a right? Judge, I can't tell you off the top of my head if there is. I do know that I have been aware of attorneys being present when things are searched in a house in a search warrant. And, yeah, usually search warrants are a surprise. And so, you know, that makes it a little more difficult for an attorney to get over there while they're searching the house. But definitely, I mean, I'm definitely aware that there have been cases where attorneys have been there. Now, whether an attorney interferes with the search... But you're telling us that they can say, don't open that drawer because we're going to protect privacy? That doesn't happen. No, I'm not. And I am not saying that, Your Honor. So if you took it that way, I apologize. I am not saying that. So let's move to our computer context. You're saying we need to protect his QuickBooks. But how is the attorney sitting there going to accomplish that? And I'm not sure how being able to make sure, yeah, this is QuickBooks, it's not a folder that hides something else, is a critical step in the prosecution for which the reason we've recognized in some contexts and the lineup is the obvious potential parallel. But we don't say that for testing of blood samples or examination of fingerprints. And if you express concern about planting something, that's going to happen in blood tests. It could potentially happen. But we don't, as a result, station a lawyer in the police lab. And so I'm having difficulty understanding because the basic standard is critical step. How is this critical step and how is the presence of a lawyer going to advance the process? Well, Judge, personally, if I were sitting there watching and the agent started to do something they wouldn't do, I would call and ask the judge for a hearing, the judge that issued that. You probably never know because the lawyer, I mean, you got somebody sitting there with a machine running in the background from time to time, they type something on their keyboard or speak into something that records. I have a hard time understanding in practical terms. I mean, I've been a lawyer for a long time. I don't pretend to understand most of that stuff that happens. So it seems to me there's a disconnect here between what you're insisting due process requires and how forensic analysis actually proceeds. Well, Judge, an attorney is meant to protect a person's rights, a person, an individual's rights. We never know exactly what's going to happen until it happens. When we have an attorney appointed on subpoena documents, of course that attorney is going to look over those things and he's going to say if something's wrong and then he's going to go to a judge. I mean, this isn't the type of thing where we would allow an attorney to interfere with the actual process. This would be something where an attorney would need to contact the judge and say we've got a problem here. Can we talk about this as to whether they're allowed to do this? They're trying to do this. They're trying to do that. And a judge would decide that. But that's how a person's rights are protected. Otherwise, we have no idea what's going on. Do you know what kind of a program this was? Was this a Cellebrite program? Is that what they used? Does the record tell us? All I know is that they say it's proprietary software. It does not say. We were informed that a hard drive was made, a copy of the hard drive was made, and that it was proprietary software. You wanted to reserve some time? Yes, thank you. You may. Ms. DeLorde? May it please the Court, my name is Carla Hodes DeLorde, representing the United States. I would first like to correct the record. Defense counsel says that the defendant made an unambiguous request for counsel at the time to search his computers. At the motion to suppress hearing, the defendant admitted that nowhere in his statement to law enforcement during his interrogation did he make a request. There's no request for counsel at that time. If there was any, it might have been off the record, but according to the transcript, there is no request for counsel. Second of all, your judges are correct in that the search of his computers is not a critical stage in this case, so there was no Sixth Amendment right to an attorney at that time. If the defense, let me back up before I say that. As the agents testified in this case, they made a forensic copy of all of the defendant's digital devices, and these copies were available for the defendant to review at any time. If the defendant had a problem or an issue or a question about what happened during the search of these computers, the defense could have hired their own forensic examiner to look at the computers. It could have filed a motion challenging the authentication of the software used. None of that occurred here, and so there was no right to an attorney at this point because it was no critical stage, and the defendant cannot show prejudice because these devices were available for him to examine, and he did not take advantage of that. Counsel, do we know what kind of a program was used? I know that the eMule software was what was at issue. That's what he was using. That was what he was using. What were you using? I don't know if the search warrant specifies the software that was being used. And it didn't come out at trial? I don't remember. You don't know whether it was, for example, Celebrite, which is commonly used by law enforcement? Yeah, I don't know. I'm more familiar with Torrential Downpour, but I did not see that reference to Torrential Downpour. I would have to review the search warrant to see if he states what that software was that was used. I apologize for I don't remember that. Aside from the right to counsel issue that defense counsel raised, the evidence in this case was absolutely overwhelming. The defendant had over 140,000 images and 900 videos of child pornography on his computer. The defendant knew exactly what he was doing in this case. This was not a mistake. The defendant installed the e-mail peer-to-peer file sharing software, and once it was installed, he changed the default settings to increase his download priority and minimize his sharing ability. The defendant searched for and received thousands upon thousands of files of child pornography, and the titles indicated that these were child pornography images. The defendant then had a system to where he processed all of these images. He would download them to his Dell Dimension 3000 computer. He would then use either one of two other computers to view and sort these images, and then he would save them on a Toshiba hard drive disk. So this was not a mistake at all. If the court does not have any further questions for me, I'm happy to answer anything. Otherwise, I will ask that you affirm his convictions and sentence. Thank you. Thank you. Your Honors, in respect to the request made for an attorney, I would first point out that at the evidentiary hearing that occurred on June 8, 2023, the government did not present any evidence contesting anything that Mr. Johnson said at all. Mr. Johnson did say, and you do have the transcript, and I would refer you to the second excerpts of records, specifically page 68 and page 134, where he testified about his affirmative request that was not disputed by the government. The agent did not come and testify saying no request was ever made of me. The only thing that the court had to consider and the only thing that this court has to consider is the testimony of Mr. Johnson because that is what the government decided to do. If there's not any other questions, everybody, thank you. Thank you, counsel. We thank both counsel for their arguments and the cases submitted.
judges: CLIFTON, BYBEE, MILLER